IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JUDY VANDEVER,                                                                                      PLAINTIFF

v.                                              Civil Action No.: 1:07CV311-GHD-SAA

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                    DEFENDANT

## REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Judy Vandever for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff applied for DIB on January 10, 2003, alleging that she became disabled on December 27, 2001, due to low back, neck, arm and hand pain resulting from an automobile accident, thyroid problems, obesity, hypertension, carpal tunnel syndrome, stress incontinence, high cholesterol, fluid retention, anxiety and arthritis. (Tr. 396, 523-524, and oral argument on August 5, 2008). Plaintiff's application was denied initially and on reconsideration. (Tr. 26 - 33, 36 - 39), and she sought review by an administrative law judge ("ALJ"). After a hearing on December 6, 2005, the ALJ found on February 22, 2005 that plaintiff was not disabled and denied her request for benefits. (Tr. 15-23). The appeals council denied plaintiff's request for review, and plaintiff appealed to this court. (Civil Action No. 3:05cv93-M-A). This court remanded the case without objection on January 27, 2006 on motion of the defendant to allow the ALJ to consider specifically whether plaintiff's obesity is a severe impairment under applicable rulings and regulations.

1

Another ALJ conducted a second hearing on December 6, 2006, and found on March 5, 2007 that plaintiff was not disabled under the Act. (Tr. 387 - 397). Upon request for review, the appeals council found no basis for review of the ALJ's decision. (Tr. 362 - 365). The plaintiff now appeals the second decision. Having reviewed the record and briefs of the parties, and after oral argument by counsel, the court finds that the decision of the ALJ was supported by substantial evidence and should be affirmed.

## FACTUAL SUMMARY

The plaintiff was born in 1957 and was 57 years old at the time of the second, supplemental hearing before the Administrative Law Judge ("ALJ") in this case. Plaintiff has a high school education, plus some college hours. Her employment history includes work as an office automation clerk, cashier in a casino, and beautician. Plaintiff claims she became disabled December 27, 2001 due to an automobile accident, and the record reveals that she has not worked since that time.

## LEGAL STANDARDS

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second,

---

[1] *See* 20 C.F.R. §§ 404.1520 (2004).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b) (2004).

2

the plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2004).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted).

---

[4] 20 C.F.R. §§ 404.1520 (2004).

[5] 20 C.F.R. §§ 404.1520(d) (2004). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525 (2004).

[6] 20 C.F.R. §§ 404.1520(e) (2004).

[7] 20 C.F.R §§ 404.1520(f)(1) (2004).

[8] *Muse*, 925 F.2d at 789.

"If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

In plaintiff's disability report dated January 8, 2003 she lists as her illnesses, injuries and conditions "lower back pain, thyroid/ HRT [hormone replacement therapy], morbid obesity, high blood pressure, high cholesterol and fluid retention." (Tr. 80.) The ALJ initially found plaintiff's chronic lumbosacral pain syndrome secondary to degenerative disc disease of the lumbar spine, her degenerative joint disease, her hypertension and her exogenous obesity each constituted "severe" impairments within the meaning of the Act but did not meet or equal a listed impairment. (Tr. 389 - 394.) Because the ALJ concluded that plaintiff's residual functional capacity ("RFC") allowed her to lift or carry no more than 10 pounds occasionally, provided she had an option to sit or stand as desired, (Tr. 394), he found the plaintiff unable to perform any past relevant work. (Tr. 395). Utilizing the Medical-Vocational Guidelines, applicable Social Security Rulings ("SSR") and Guidelines, and the testimony of a vocational expert ("VE"), the ALJ determined there existed other jobs in the national and state economies which plaintiff could perform. (Tr. 396 - 397). Accordingly, the ALJ concluded plaintiff was not disabled under the Act. (Tr. 397).

Plaintiff now contends that the ALJ's decision was not supported by substantial evidence. Specifically, plaintiff takes issue with the ALJ's consideration of plaintiff's obesity under SSR 02-1 and SSR 96 - 8p and whether the ALJ applied the correct standards in considering plaintiff's symptoms in combination with other impairments. Plaintiff, though citing several cases in her brief, specifically argued three cases in support of her position: *Davis v. Heckler*,

4

748 F.2d 293 (5th Cir. 1984); *Scott v. Heckler,* 770 F.2d 482, 487 (5th Cir. 1985); and *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988) – as well as SSR 02-1 and SSR 96 - 8p.

DISCUSSION

Consideration of Plaintiff's Obesity

The Social Security Regulations define a "severe" impairment as one that "significantly limits [a claimant's] ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c) (2004). Since *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), the Fifth Circuit has interpreted § 404.1520(c) to mean that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), quoting *Stone*, 752 F.2d at 1101. Moreover, reviewing courts are to "assume that the ALJ and the Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone*] or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404-1520(c) is used." *Loza*, 219 F.2d at 391.

The plaintiff argues that the ALJ's decision fails to properly address the plaintiff's obesity and the related Social Security Rulings 02-1p and 96-8p. See also 20 C.F.R., Part 404, Subpart P, App. 1, Listing 9.09 (1999). The plaintiff contends although the ALJ at the second hearing made an "made an honest attempt to meet the required standard he still failed to do so," Docket # 12, p. 13, and this failure necessitates reversal of the decision. In response, defendant points to the ALJ's March 5, 2007 decision to show that while the ALJ may have made seemingly

5

conflicting specific statements about plaintiff's obesity,[9] he properly considered it as a factor in determining plaintiff's RFC, and when read as a whole, the ALJ's decision supports his determination that plaintiff's obesity was not a significant impairment such that it was disabling.

In the past obesity was contained in the regulations as a separate listed impairment. Effective October 25, 1999, however, Listing § 9.09 regarding obesity was deleted from the Listing of Impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1.[10] The Social Security

---

[9]The ALJ stated that "obesity was noted to be a factor with regard to her back pain" but that it would not "meet or equal Listings 1.02 or 1.04." (Tr. 393). Further, according to the ALJ, "the obesity would act to make the claimant's back pain and knee pain worse that expected based on the imaging and findings[, but] the claimant's obesity could not be found to have worsened the claimant's back and neck problems." (Tr. 393). The ALJ noted claimant's testimony that she was able to go grocery shopping at Wal-Mart (Tr. 504), and because the record revealed only one instance where plaintiff's ability to walk was limited (Tr. 207), his finding was that the effects of plaintiff's obesity were within normal limits (Tr. 261), and this conclusion factored into his determination of plaintiff's RFC. (Tr. 393).

[10]Before October 25, 1999, 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing § 9.09 read as follows:

> 9.09 Obesity. Weight equal to or greater than the values specified in Table I for males, Table II for females (100 percent above desired level), and one of the following:
>
> A. History of pain and limitation of motion in any weight-bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine; or
> B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff; or
> C. History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema; or
> D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing and persistent edema; or
> E. Respiratory disease with total forced vital capacity equal to or less than 2.0 L. or a level of hypoxemia at rest equal to or less than the values specified in Table III-A or III-B or III-C. . . .

6

Administration determined that because of the widely varying effects obesity and related impairments may have on an individual's functioning, the only way the Administration could be confident that individuals would be disabled under the listings would be to require the other impairments to meet or equal the severity of their respective listings. *Wooten v. Apfel*, 108 F. Supp 2d 921, 924 (E.D. Tenn. 2000). Section 9.09 was deleted because, according to the Commissioner's final rule, the Listing § 9.09 criteria "did not represent a degree of functional limitations that would prevent an individual from engaging in any gainful activity." 64 Fed. Reg. at 46123. The Administration has not wholly removed obesity as a consideration in determining disability, however, and has added guidance about the evaluation of claims for benefits involving obesity to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings. The stated purpose in making the Listing § 9.09 changes was to ensure that adjudicators understand that the Administration considers obesity to be a medically determinable impairment that can be the basis for a finding of a disability, and that obesity in combination with other impairments must be considered when evaluating disability at the listings step and other steps of the sequential evaluation process. 64 FR 46122, 46123. Thus, new paragraphs 20 C.F.R. Subpart P, Pt. 404, Appendix 1, § 1.00F. (musculoskeletal system), 3.00I. (respiratory system), and 4.00F. (cardiovascular system) have been added to the prefaces to the listings for the body systems named. Each of these new paragraphs contains the same language:

> Effects of obesity. Obesity is a medically determinable impairment that is often associated with disturbance of the respiratory system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with respiratory impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the

> sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

64 FR 46122, 46128-46129. The Social Security Administration has since released at least two Social Security Rulings, 00-3p and 02-3p, that specify the manner in which obesity should be considered. According to these rulings, "[o]besity can cause limitation of function." SSR-02-1p, p. 6. An obese individual may have limitations "in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling." Further, obesity "may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching." *Id.* Finally, "[t]he ability to tolerate extreme heat, humidity, or hazards may also be affected." *Id.* The ruling also acknowledges that often obesity may affect an individual in a less than obvious manner – "[f]or example, some people with obesity also have sleep apnea." *Id.* Therefore the regulation requires an ALJ to assess the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment as well as his ability to sustain a function over time.

An RFC assessment must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, taking into account fatigue, or other combined effects of obesity which, with other impairments, may be greater than might be expected without obesity. SSR - 02-1p, p.6. In the instant case the ALJ considered the plaintiff's obesity: he discussed its effects on her pain and ability to walk and considered it was a factor in determining her RFC. (Tr. 393). The court cannot find that the ALJ erred in his analysis or consideration of plaintiff's obesity. There is no doubt that there is

"substantial evidence," as defined by the Fifth Circuit, to support the ALJ's decision. *Muse v. Sullivan,* 925 F.2d at 789 (5th Cir. 1991)

Consideration of Cumulative Effects of Plaintiff's Symptoms

Plaintiff next argues that the ALJ failed to consider all of plaintiff's symptoms in combination, but rather viewed them separately, finding plaintiff's impairments do not meet or equal the listings under the Act. According to plaintiff, failure to consider the cumulative effects of all of plaintiff's symptoms warrants reversal of the ALJ's decision. *Davis v. Heckler*, 748 F.2d 293 (5th Cir. 1984), *Scott v. Heckler,* 770 F.2d 482, 487 (5th Cir. 1985), and *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988). The defendant responds that the ALJ in fact did consider plaintiff's symptoms in combination. Further, the defendant noted, and during oral arguments the plaintiff conceded, that none of plaintiff's symptoms or problems after March 31, 2003 are relevant in considering her disabled status as this is this is the last date that plaintiff met the requirements for insured status under the Act. *See* 42 U.S.C § 416(i)(3)(B) and § 423(c)(1)(B). Nevertheless, the court notes that the ALJ did consider some aspects of the plaintiff's complaints after the March 2003 date and found that the factors considered after the expiration of her insured status were not inconsistent with those prior to March 31, 2003. (Tr. 392, 393, 504, 513).

The Fifth Circuit has held that an ALJ must consider the "combination of unrelated impairments 'to see if together they are severe enough to keep the claimant from doing substantial gainful activity.'" *Scott v Heckler*, 770 F.2d at 487, *quoting Dorsey v. Heckler*, 702 F.2d 597, 605 (5th Cir. 1983)(disavowed on other grounds). Further, the Circuit held that in accordance with 20 C.F.R. §§ 404.1522 and 416. 922, "the Act seeks to administer relief to the whole man and not simply to serve as a vehicle for the separate clinical analysis of individual

9

ailments." *Id.* To this end, under the regulations controlling the evaluation of disability, the Secretary "can combine unrelated impairments to see if together they are severe enough to keep [the claimant] from doing substantial gainful activity." 20 C.F.R. §§ 404.1522, 416.922.

In this case, the plaintiff argues that even if the court finds that the ALJ was correct that the plaintiff does not have any impairment that meets or equals one of the listings, the combination of the plaintiff's noted impairments in conjunction with her other symptoms – thyroid problems, obesity, hypertension, carpal tunnel syndrome, stress incontinence, high cholesterol, fluid retention, anxiety and arthritis – leaves no doubt that the plaintiff is disabled as defined by the Act. The plaintiff's argument is persuasive. There is ample case law to support reversal and remand of an ALJ's unfavorable decision where the ALJ did not consider the cumulative effects of symptoms and ailments on the plaintiff's ability to work. *See Davis v. Heckler*, 748 F.2d 293 (5th Cir. 1984), *Scott v. Heckler,* 770 F.2d 482, 487 (5th Cir. 1985), and *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988).

However, upon review of the record, the ALJ's decision, and taking into account the expiration date of the plaintiff's insured status, March 31, 2003, it is clear that the ALJ did consider the plaintiff's symptoms and found that based on the medical evidence and plaintiff's testimony, as of the date of the second hearing, the symptoms were either (1) controlled by medication – aches and pains (Tr. 522), hypertension (Tr. 516 - 517), fluid retention (Tr. 518), thyroid (Tr. 519), anxiety (Tr. 518), arthritis (Tr. 519 - 520); (2) not supported by objective medical findings (Tr. 395) – aches and pains (Tr. 395), arthritis (Tr. 391), carpal tunnel syndrome (Tr. 292 - 293), swelling (Tr. 207, 392); or (3) not alleged before the expiration date of plaintiff's last insured status – stress incontinence (Tr. 279, 300). The record, specifically

plaintiff's testimony at the December 6, 2006 hearing and plaintiff's medical records, support the ALJ's decision that the plaintiff's symptoms, when considered cumulatively with plaintiff's impairments, do not meet or equal one of the listings under the Social Security Act. Although the plaintiff persuasively argues that she is experiencing continued deterioration and aggravated symptoms as her weight has increased, the undersigned in limited by the scope of review and the fact that the plaintiff's insured status expired as of March 31, 2003. Accordingly, the court holds that the ALJ's decision was supported by "substantial evidence" as defined by the Fifth Circuit and must be affirmed. *Muse v. Sullivan,* 925 F.2d at 789 (5th Cir. 1991)

## CONCLUSION

For the above reasons, the undersigned recommends that the decision of the ALJ be affirmed. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this, the 27th day of August, 2008.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE